IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03004-GPG

Q ILI-YASS HAAKEEM FARRAKHAN-MUHAMMAD,[1]

    Plaintiff,

    v.

J. OLIVER, FCC, Warden,
F. CORDOVA, ADX-NC-C/AHSA, and
P. LARID, NCRO, Director,

    Defendants.

---

## ORDER DISMISSING CASE

---

At issue are Plaintiff's "Motion to Stop Action or as Alternative to Dismiss Without Prejudice (Fed. R. Civ. P. 41(a)(2)," ECF No. 12. and his "Motion for a Temporary Restraining Order and Preliminary Injunction and a Request for Emergency Hearing Pursuant to Fed. R. Civ. P. 65(b) and D.C.COLOLCivR 65.1(A)(2)," ECF No. 11.  The Court must construe the pleadings liberally because Plaintiff is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

First, Plaintiff has failed to comply with D.C.COLOLCivR 65.1(a)(1) in that he has not given notice of providing pleadings and documents to opposing parties.  Second, a

---

[1] The Court notes that Mr. Q Ili-Yaas Haakeem Farrakhan-Muhammad, Inmate Register # 02791-088 is the same person as Christopher Mitchell, C. Eli-Jah Hakeem Muhammad, Elijah Hakeem Muhammad, and Caliph Ili-Yas Az-Hakeem Muhammad. The Court further notes that Applicant is subject to 28 U.S.C. 1915(g) filing restrictions.

preliminary injunction may issue only on notice to the adverse party.  *See* Fed. R. Civ. P. 65(a)(1).  Finally, the Court, in its discretion may issue a temporary restraining order without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *Id.* at 65(b)(1)(A).  Nothing in Plaintiff's Motion for a Temporary Restraining Order indicates he will suffer immediate and irreparable harm if Defendants do not stop force medicating and feeding him in response to his declared hunger strike.  Plaintiff fails to assert any physical injury as a result of being placed in the "Pro-strain" chair or state how his "health" is in danger by being force medicated and force fed.  The Court, therefore, will grant Plaintiff's request to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Defendant has not filed an answer in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* 8-41James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the pleading as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of February 6, 2015, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

      ORDERED that the Motion to Dismiss Without Prejudice is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of February 6, 2015, the date Plaintiff filed the Notice in this action. It is

      FURTHER ORDERED that Plaintiff's Motion to Stop Action, ECF No. 12, and his Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing, ECF No. 11, are denied. It is

      FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 8, is denied as moot.

      DATED at Denver, Colorado, this  10th  day of   February  , 2015.

      BY THE COURT:


        s/Lewis T. Babcock  
      LEWIS T. BABCOCK, Senior Judge  
      United States District Court